Sprole v Kearl (2024 NY Slip Op 05935)

Sprole v Kearl

2024 NY Slip Op 05935

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-1765
[*1]Shari Sprole et al., Respondents,
v
Patricia Kearl et al., Appellants.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Law Office of Sharon M. Sulimowicz, Ithaca (Sharon M. Sulimowicz of counsel), for appellants.
D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Elizabeth Aherne, J.), entered August 21, 2023 in Tompkins County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.
The parties own adjoining property abutting the shores of Cayuga Lake in Tompkins County, with plaintiffs' property acquired in 2000 and defendants' in 2003. Defendants' parcel is encumbered by a 1993 "Right-of-Way Agreement" (hereinafter the 1993 easement) providing access to plaintiffs' parcel over a driveway, as partially depicted on a survey identifying both a "gravel drive" and "gravel parking." As depicted, the parking area extended into defendants' property. At defendants' request in 2003, the gravel drive was relocated westerly on defendants' parcel to accommodate their construction of a home while remaining in the same location at the adjoining property line. In 2017, the gravel drive was again relocated westerly to align with the garage area of a new home constructed by plaintiffs. This litigation centers on whether plaintiffs retained the right to park on defendants' parcel following this sequence of events. In July 2020, plaintiffs commenced this action to enforce their asserted parking rights either through the express 1993 easement or by prescription, while defendants counterclaimed for trespass and other relief. Supreme Court denied the parties' respective motions for summary judgment. Defendants appeal.[FN1]
We affirm. "[A] timeless first principle in the law of easements [is that] . . . express easements are defined by the intent, or object, of the parties" (Lewis v Young , 92 NY2d 443, 449 [1998]). Defendants acknowledge that for purposes of this appeal, plaintiffs had a right to park on defendants' property in the area depicted in the 1993 easement. Defendants maintain, however, that plaintiffs have no right to relocate that parking area, which they effectively abandoned as a result of regrading and fencing off the parking area during the 2017 construction project. Under paragraph 5 of the 1993 easement, the grantor reserved the right to relocate the right-of-way provided that the grantor constructed a "driveway that provides access to the parking area located on the property [i.e., plaintiffs' parcel], as depicted on the Survey." Supreme Court recognized that questions of fact were raised regarding whether the parties were in agreement, when the driveway was realigned in 2017, as to whether the driveway relocation included the parking area. Defendants acknowledge that they agreed to the relocation of the driveway, but not the parking area. Plaintiffs contend otherwise, raising a classic question of fact that also implicates the remaining issues of a prescriptive easement, abandonment and trespass. In our view, Supreme Court correctly identified multiple issues of fact precluding an award of summary judgment in favor of either party.
Egan Jr., J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed[*2], with costs.

Footnotes

Footnote 1: We take note that in their responding brief, plaintiffs advise that a trial was held the week of February 13, 2024.